### TURNER & WINCHELL *vs.* BEARDSLEY.

Where a party in whose favor a verdict was rendered, kept up a conversation with one of the jurors in a *low tone of voice* whilst the counsel of his adversary was addressing the jury, although forbidden to do so by the justice before whom the cause was tried, the judgment entered upon such verdict was reversed upon certiorari.

ERROR from the municipal court of the city of Brooklyn. The action was *trespass* for unlawfully impounding a horse.

The cause was tried by a jury who found a verdict against both defendants with $100 damages, on which judgment was rendered.    The defendants sued out a certiorari returnable in this court.    The return to the certiorari was made by the clerk of the municipal court, under the seal of the court by the direction of the justice who presided at the trial.  It was stated in the return that whilst the counsel for one of the defendants was summing up the evidence to the jury, the plaintiff, without the leave of the court, spoke to one of the jurors in a low tone of voice, and persisted in doing so when forbidden by the court ; and it was further stated as the belief of the justice that the jury had been packed, that is, named and selected directly or indirectly by the plaintiff.    On the case coming into this court it was objected by the defendant in error that the return was improperly made by the clerk of the court; and that it should have been made by the justice presiding at the trial.

*NEW-YORK,*
*May, 1838.*

Turner
v.
Beardsley.

*J. Dikeman*, for plaintiffs in error.

*R. S. Church*, for the defendant in error.

*By the Court*, NELSON, Ch. J.  The return is properly made by the clerk, under the seal, supervision and direction of the court.    The municipal court of Brooklyn is a court of record, having a clerk whose duty it is to issue process and keep a record of all the proceedings, judgments, &c.    The return is in the usual form made by courts of record.

The conduct of the plaintiff below in holding conversation with a juryman, privately, without the permission and even against the remonstrance of the justice, was grossly irregular and indecent ; subversive of a pure administration of justice, and affords abundant ground for reversing the judgment.    The justice should have punished the party for a contempt, and made a public example of him on the spot.    It is difficult upon the facts to resist the conclusion that he was guilty even of embracery, an offence punishable by fine and imprisonment. 5 Cowen, 504.    This impudent interference with the ordinary course of the trial, tends to confirm the belief expressed by

NEW-YORK,  the justice, that the jury had been summoned by collusion
May, 1838.  between the party and constable.   All the charities of the
Chamberlin  law should be made to give way at such a profanation of its
   v.       administration.
Morey.
                Upon the merits it is at least doubtful whether enough
          appeared in evidence to implicate in the trespass, Mrs. Turner
          one of the defendants; for aught that appears, her sons (for
          whose acts she was sought to be made liable) were not acting
          by her orders, or in her employment, in impounding the plain-
          tiff's horse.   This, however, is not important as the judgment
          must be reversed on the other ground.

                                        Judgment reversed.